**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DERRICK SIMS, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>HANGTIME, INC.<br>　　　　　　　Defendant. | Civil Action No. |

# CLASS ACTION COMPLAINT

Plaintiff Derrick Sims ("Plaintiff") brings this class action complaint individually and on behalf of all others similarly situated, and, through his undersigned counsel, complains against Defendant Hangtime, Inc. ("Hangtime" or "Defendant") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, based on, among other things, the investigation conducted by his attorneys.

## NATURE OF THE CASE

1. In a misguided effort to promote its mobile application or "app," Defendant engages in an invasive and unlawful form of marketing: the unauthorized transmission of advertising in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has violated consumers' statutory rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily

accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3.       In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals and a Massachusetts subclass, brings action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227") (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones, and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, which prohibits unfair or deceptive acts or practices.

4.       On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory and actual damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5.       Plaintiff resides in Boston, Massachusetts.

6.       Defendant Hangtime, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.  A mobile social networking company, Defendant does business throughout the United States, including in this District.

## JURISDICTION & VENUE

7.       The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227, *et seq*.

8.       Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the text message calls at issue were transmitted to this District.

## COMMON ALLEGATIONS OF FACT

9.       In recent years, marketers constrained by federal laws limiting solicitation by telephone, facsimile machine, and e-mail, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10.       One alterative for this type of bulk marketing is to deliver the solicitations via text messages through short codes and long codes.  The terms "short code" and "long code"

refer to a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

11. Such text messages are transmitted as calls directed to a wireless device through the use of the telephone number assigned to the device. When such a text message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including text messages, may be received by the called party virtually anywhere worldwide.

12. Unlike more conventional advertisements, wireless spam invades privacy and can actually cost its recipients money, because cell phone users like Plaintiff must frequently either pay their respective wireless service providers for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

13. Over the course of an extended period of time beginning in at least 2013, Defendant and its agents directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendant's social networking services.

14. For instance, on or about December 29, 2013, Plaintiff's cell phone rang, indicating that a text call was being received.

15. The "from" field of the transmission was identified cryptically as "14158153107," which is a special purpose telephone number known as a long code operated by Defendant and its agents. The body of such text message read:

> **Mikey Leftside shared events with you on Hangtime. http://hangti.me/XiEpF6mLKc**

16. Defendant's and its agents' use of a long code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

17. Defendant sent these messages using equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

18. By use of these methods, Defendant sent text messages that were the same or virtually the same as the message sent to Plaintiff (referenced in Paragraph 15 above), to numerous cell phones throughout the country.

19. These text messages, including the text message sent to Plaintiff and referenced in Paragraph 15 above, did not originate from, nor were they created by, the individuals referenced in the messages (though the messages were intended and made to appear that way). Rather, the messages sent to Plaintiff and other class members originated from and were created by Defendant as a promotional or marketing device for its service.

20. At no time did Plaintiff consent to the receipt of the above-referenced message or to the receipt of any other such wireless spam from Defendant.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows: all persons in the United States and its Territories who were sent one or more unauthorized text messages from Defendant. Plaintiff also brings this action on behalf of a subclass consisting of members of the Class residing within the Commonwealth of Massachusetts (the "Massachusetts Subclass" or "Subclass").

22. Upon information and belief, there are over 1,000 members of the Class, and more than 100 members of the Massachusetts Subclass, such that joinder of all members of the Class and Subclass is impracticable.

23. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass . Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and Subclass and have

the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class or Subclass.

24. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class and the Massachusetts Subclass is impracticable; (b) absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (3) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass.

26. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class and Subclass members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct alleged herein.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and/or Subclass include but are not limited to the following:

    (a) Did Defendant and/or its agents send one or more text messages to the Class?
    (b) Did the text messages distributed by Defendant violate the TCPA?
    (c) Did Defendant and/or its agents use an automatic telephone dialing system to transmit the test messages at issue?

      (d)      Are the Class and Subclass members entitled to treble damages based on the willfulness of Defendant's conduct?

      (e)      Did the Defendant's conduct violate the provisions of M.G.L. c. 93A, § 2?

      (f)      Should Defendant be enjoined from engaging in such conduct?

## FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class and Subclass)

28.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29.    Defendant made unsolicited commercial text calls, including the message referenced in Paragraphs 14 and 15 above, to the wireless telephone numbers of Plaintiff and the other members of the Class and subclass. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

30.    These text calls were made *en masse* through the use of a long code and without the prior express consent of the Plaintiff or the other members of the Class or Subclass.

31.    Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the Class and Subclass have had their privacy rights violated, have suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

32.    Because Defendant had actual or constructive knowledge that Plaintiff and the Class and Subclass did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class and Subclass.

**SECOND CAUSE OF ACTION**
**(Violation of M.G.L. c. 93A, § 2: On behalf of Plaintiff and the Massachusetts Subclass)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. At all relevant times Defendant was engaged in commerce for purposes of M.G.L., c. 93A.

35. M.G.L., c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." M.G.L., c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

36. As alleged more fully herein, Defendant has violated c. 93A, § 2 by sending unsolicited text messages to Plaintiff and other Massachusetts Subclass members. This conduct is unfair because it is harassing and annoying and invades the privacy of Plaintiff and Subclass members and because it causes them to incur costs for text messaging, and it is deceptive because the messages are made to appear as if they originate from and/or are created by the persons referenced in the messages, who are most likely known to the recipients.

37. Defendant's conduct also violates the TCPA and as such, constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

38. Pursuant to M.G.L., c. 93A, § 9, Plaintiff, on behalf of himself and the Massachusetts Subclass, seeks an order:

    a) Enjoining Defendant from continuing to engage in, use, or employ any of the unfair and/or deceptive business acts or practices set forth in detail above; and

    b) Disgorging and restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive acts or practices.

39. Plaintiff and members of the Massachusetts Subclass will be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

40. The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the Massachusetts Subclass.

41. Plaintiff has not made a written demand for relief, as the demand requirement set forth in c. 93A, § 9(3) does not apply to Defendant. The demand requirement does not apply here, because, on information and belief, Defendant does not maintain a place of business, nor does it keep assets within the Commonwealth of Massachusetts.

42. Based on the foregoing, Plaintiff and the other members of the Massachusetts Subclass are entitled to all remedies available under c. 93A, § 9, including, but not limited to, actual or statutory damages, whichever is greater, multiple damages, attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual or statutory damages;
3. An award of multiple damages
4. An injunction requiring Defendant to cease all wireless spam activities;
5. Disgorgement of Defendant's ill-gotten gains;
6. An award of reasonable attorneys' fees and costs; and
7. Such further and other relief the Court deems reasonable and just.

## VIII.  JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated:  February 26, 2014                           Respectfully submitted,

**PASTOR LAW OFFICE, LLP**

/s/ David Pastor_____
David Pastor (BBO #391000)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone:  617-742-9700
Facsimile:  617-742-9201
dpastor@pastorlawoffice.com

**LEONARD LAW OFFICE, LLP**

/s/ Preston W. Leonard_____
Preston W. Leonard (BBO#680991)
139 Charles Street, Suite A121
Boston, MA 02114
Telephone:  617-329-1295
pleonard@theleonardlawoffice.com

*Plaintiff's Counsel*