UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DERRICK SIMS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HANGTIME, INC.,<br><br>Defendant. | Civil Action No. 14-10427-RWZ<br><br>ANSWER TO COMPLAINT<br><br>JURY DEMANDED |

**DEFENDANT HANGTIME, INC.'S
ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Hangtime, Inc. ("Defendant" or "Hangtime") hereby answers the class action Complaint of Derrick Sims and others similarly situated (collectively, "Plaintiff"). Hangtime's responses are made without waiving, and expressly reserving, all rights that Hangtime has to file dispositive motions addressed to some or all of the claims asserted in the Complaint. Except as expressly admitted herein, each and every allegation in the Complaint is denied.

**NATURE OF THE CASE**

1. In a misguided effort to promote its mobile application or "app," Defendant engages in an invasive and unlawful form of marketing: the unauthorized transmission of advertising in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

**ANSWER**

Hangtime admits and avers that it has developed a mobile application that allows its users to see their friends' activities. Except as specifically admitted or averred, Hangtime denies each and every allegation contained in paragraph 1 of the Complaint.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has violated consumers' statutory rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily

accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

**ANSWER**

   Hangtime denies each and every allegation contained in paragraph 2 of the Complaint.

   3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals and a Massachusetts subclass, brings action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227") (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones, and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, which prohibits unfair or deceptive acts or practices.

**ANSWER**

   Hangtime admits that Plaintiff purports to bring this action as an individual and on behalf of a class and a subclass. The remaining allegations in paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

   4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory and actual damages to the class members, together with costs and reasonable attorneys' fees.

**ANSWER**

   Hangtime denies each and every allegation of paragraph 4 of the Complaint, including that Plaintiff or any purported Class or Subclass member is entitled to any relief.

## PARTIES

   5. Plaintiff resides in Boston, Massachusetts.

**ANSWER**

   Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 5 of the Complaint, and on that basis, denies these allegations.

   6. Defendant Hangtime, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. A mobile social networking company, Defendant does business throughout the United States, including in this District.

**ANSWER**

Hangtime admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in San Francisco, California. Hangtime admits and avers that Hangtime users may access Hangtime's application using the internet. Hangtime denies each and every remaining allegation contained in paragraph 6 of the Complaint.

## JURISDICTION & VENUE

7. The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227, *et seq*.

## ANSWER

The allegations in paragraph 7 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the text message calls at issue were transmitted to this District.

## ANSWER

The allegations in paragraph 8 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

## COMMON ALLEGATIONS OF FACT

9. In recent years, marketers constrained by federal laws limiting solicitation by telephone, facsimile machine, and e-mail, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

## ANSWER

Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 9 of the Complaint, and on that basis, denies those allegations.

10. One alterative for this type of bulk marketing is to deliver the solicitations via text messages through short codes and long codes. The terms "short code" and "long code" refer to a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

## ANSWER

Hangtime admits that the terms "short code" and "long code" refer to a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. Hangtime denies each and every remaining allegation of paragraph 10 of the Complaint.

11.     Such text messages are transmitted as calls directed to a wireless device through the use of the telephone number assigned to the device. When such a text message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including text messages, may be received by the called party virtually anywhere worldwide.

**ANSWER**

Hangtime admits that a text message may be sent to a wireless device through the use of the telephone number assigned to the device. Hangtime admits and avers that in circumstances where a text message is successfully sent to a recipient, the recipient's wireless device may ring or otherwise alert the recipient that the text message has been received. Hangtime denies each and every remaining allegation contained in paragraph 11, including that a text message is a "text message call."

12.     Unlike more conventional advertisements, wireless spam invades privacy and can actually cost its recipients money, because cell phone users like Plaintiff must frequently either pay their respective wireless service providers for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

**ANSWER**

The allegations in paragraph 12 of the Complaint contain a conclusion of law to which no response is required. To the extent a response is required, Hangtime denies those allegations. Hangtime lacks sufficient information on which to admit or deny the remaining allegations of paragraph 12 of the Complaint, and on that basis, denies those allegations.

13.     Over the course of an extended period of time beginning in at least 2013, Defendant and its agents directed the mass transmission of wireless spam to the cell phones

nationwide of what they hoped were potential customers of Defendant's social networking services.

**ANSWER**

Hangtime denies each and every allegation contained in paragraph 13 of the Complaint.

14. For instance, on or about December 29, 2013, Plaintiff's cell phone rang, indicating that a text call was being received.

**ANSWER**

Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 14 of the Complaint, and on that basis, denies these allegations.

15. The "from" field of the transmission was identified cryptically as "14158153107," which is a special purpose telephone number known as a long code operated by Defendant and its agents. The body of such text message read:

**Mikey Leftside shared events with you
on Hangtime. http://hangti.me/XiEpF6mLKc**

**ANSWER**

Hangtime denies that it or its agents operated or otherwise had control over the sending of the text message by Mikey Leftside.  Hangtime avers that Mikey Leftside is the name of Plaintiff's personal friend, relative, or acquaintance.  Hangtime lacks sufficient information on which to admit or deny the remaining allegations of paragraph 15 of the Complaint, and on that basis, denies these allegations.

16. Defendant's and its agents' use of a long code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

**ANSWER**

Hangtime denies each and every allegation contained in paragraph 16 of the Complaint.

17. Defendant sent these messages using equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

**ANSWER**

Hangtime denies each and every allegation contained in paragraph 17 of the Complaint.

18. By use of these methods, Defendant sent text messages that were the same or virtually the same as the message sent to Plaintiff (referenced in Paragraph 15 above), to numerous cell phones throughout the country.

**ANSWER**

Hangtime denies each and every allegation contained in paragraph 18 of the Complaint.

19. These text messages, including the text message sent to Plaintiff and referenced in Paragraph 15 above, did not originate from, nor were they created by, the individuals referenced in the messages (though the messages were intended and made to appear that way). Rather, the messages sent to Plaintiff and other class members originated from and were created by Defendant as a promotional or marketing device for its service.

**ANSWER**

Hangtime denies each and every allegation contained in paragraph 19 of the Complaint.

20. At no time did Plaintiff consent to the receipt of the above-referenced message or to the receipt of any other such wireless spam from Defendant.

**ANSWER**

The allegations in paragraph 20 of the Complaint contain a conclusion of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows: all persons in the United States and its Territories who were sent one or more unauthorized text messages from Defendant. Plaintiff also brings this action on behalf of a subclass consisting of members of the Class residing within the Commonwealth of Massachusetts (the "Massachusetts Subclass" or "Subclass").

**ANSWER**

Hangtime admits that Plaintiff purports to bring this action as an individual and on behalf of a class and a subclass. The remaining allegations in paragraph 21 of the Complaint contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

22. Upon information and belief, there are over 1,000 members of the Class, and

more than 100 members of the Massachusetts Subclass, such that joinder of all members of the Class and Subclass is impracticable.

**ANSWER**

The allegations in paragraph 22 of the Complaint contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

23. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class or Subclass.

**ANSWER**

The allegations in paragraph 23 of the Complaint contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

24. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class and the Massachusetts Subclass is impracticable; (b) absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (3) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

**ANSWER**

The allegations in paragraph 24 of the Complaint contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

25. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass.

**ANSWER**

The allegations in paragraph 25 of the Complaint contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

26. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class and Subclass members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct alleged herein.

**ANSWER**

The allegations in paragraph 26 of the Complaint contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and/or Subclass include but are not limited to the following:
   (a) Did Defendant and/or its agents send one or more text messages to the Class?
   (b) Did the text messages distributed by Defendant violate the TCPA?
   (c) Did Defendant and/or its agents use an automatic telephone dialing system to transmit the test messages at issue?
   (d) Are the Class and Subclass members entitled to treble damages based on the willfulness of Defendant's conduct?
   (e) Did the Defendant's conduct violate the provisions of M.G.L. c. 93A, § 2?
   (f) Should Defendant be enjoined from engaging in such conduct?

**ANSWER**

The allegations in paragraph 27 of the Complaint contain conclusions of law as to Federal

Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

**FIRST CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class and Subclass)**

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER**

Hangtime incorporates its above responses to paragraphs 1-27 of the Complaint as though fully set forth herein.

29. Defendant made unsolicited commercial text calls, including the message referenced in Paragraphs 14 and 15 above, to the wireless telephone numbers of Plaintiff and the other members of the Class and subclass. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

**ANSWER**

Hangtime denies each and every allegation contained in paragraph 29 of the Complaint.

30. These text calls were made *en masse* through the use of a long code and without the prior express consent of the Plaintiff or the other members of the Class or Subclass.

**ANSWER**

Hangtime denies that it sent or sends unsolicited commercial text calls *en masse* using a long code. The remaining allegations in paragraph 30 of the Complaint contain a conclusion of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

31. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the Class and Subclass have had their privacy rights violated, have suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

**ANSWER**

The allegations in paragraph 31 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations. Hangtime further denies that Plaintiff or any purported Class or Subclass member is entitled to any relief.

32. Because Defendant had actual or constructive knowledge that Plaintiff and the Class and Subclass did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class and Subclass.

**ANSWER**

The allegations in paragraph 32 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is required, Hangtime denies those allegations.

**SECOND CAUSE OF ACTION**
**(Violation of M.G.L. c. 93A, § 2: On behalf of Plaintiff and the Massachusetts Subclass)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER**

Hangtime incorporates its above responses to paragraphs 1-32 of the Complaint as though fully set forth herein.

34. At all relevant times Defendant was engaged in commerce for purposes of M.G.L., c. 93A.

**ANSWER**

The allegations in paragraph 34 of the Complaint contain a conclusion of law as to which no response is required. To the extent a response is required, Hangtime denies those allegations.

35. M.G.L., c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." M.G.L., c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

**ANSWER**

The allegations in paragraph 35 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is required, Hangtime denies those allegations.

36. As alleged more fully herein, Defendant has violated c. 93A, § 2 by sending unsolicited text messages to Plaintiff and other Massachusetts Subclass members. This conduct is unfair because it is harassing and annoying and invades the privacy of Plaintiff and Subclass members and because it causes them to incur costs for text messaging, and it is deceptive because the messages are made to appear as if they originate from and/or are created by the persons referenced in the messages, who are most likely known to the recipients.

**ANSWER**

The allegations in paragraph 36 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is required, Hangtime denies those allegations.

37. Defendant's conduct also violates the TCPA and as such, constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

**ANSWER**

The allegations in paragraph 37 of the Complaint contain conclusions of law as to which no response is required. To the extent a response is required, Hangtime denies those allegations.

38. Pursuant to M.G.L., c. 93A, § 9, Plaintiff, on behalf of himself and the Massachusetts Subclass, seeks an order:

a) Enjoining Defendant from continuing to engage in, use, or employ any of the unfair and/or deceptive business acts or practices set forth in detail above; and

b) Disgorging and restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive acts or practices.

**ANSWER**

The allegations in paragraph 38 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations. Hangtime further denies that Plaintiff or any purported Class or Subclass member is entitled to any relief.

39.    Plaintiff and members of the Massachusetts Subclass will be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**ANSWER**

The allegations in paragraph 39 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Hangtime denies those allegations.

40.    The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the Massachusetts Subclass.

**ANSWER**

The allegations in paragraph 40 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Hangtime denies those allegations.

41.    Plaintiff has not made a written demand for relief, as the demand requirement set forth in c. 93A, § 9(3) does not apply to Defendant. The demand requirement does not apply here, because, on information and belief, Defendant does not maintain a place of business, nor does it keep assets within the Commonwealth of Massachusetts.

**ANSWER**

The allegations in paragraph 41 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Hangtime denies those allegations.

42.    Based on the foregoing, Plaintiff and the other members of the Massachusetts Subclass are entitled to all remedies available under c. 93A, § 9, including, but not limited to, actual or statutory damages, whichever is greater, multiple damages, attorneys' fees and costs.

**ANSWER**

The allegations in paragraph 42 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Hangtime denies those allegations. Hangtime further denies that Plaintiff or any purported Subclass member is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to

any issue found to be an element of the causes of action included in Plaintiff's Complaint, Hangtime alleges the following Affirmative Defenses based on information and belief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Hangtime upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Hangtime are barred by the doctrine of waiver and other equitable doctrines.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties, without whom, in equity and fairness, this action should not proceed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because Plaintiff lacks standing to assert the claims alleged in this action.  Plaintiff further lacks standing to pursue claims for injunctive relief because there is no risk of future injury.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Hangtime are barred, in whole or in part, because the damages or injury allegedly suffered by Plaintiff would be the proximate result, either in whole or part, of acts or omissions of persons or entities other than Hangtime.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint and, pursuant to the doctrines of assumption of the risk and/or informed consent, such conduct bars, in whole or in part, the damages that Plaintiff seeks to recover

herein.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages as a result of the alleged conduct of Hangtime.

## EIGHTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on her behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Hangtime to punishment and or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Hangtime.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to the receipt of the alleged text message or text messages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged text message or text messages at issue are excepted from and/or do not fall within the purview of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged text message or text messages at issue are excepted from and/or do not fall within the purview of Chapter 93A of the General Laws of Massachusetts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Hangtime did not engage in any unfair or deceptive acts or practices, or otherwise engage in any improper act in violation of Chapter 93A of the General Laws of Massachusetts.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met.

## FOURTEENTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because individual issues predominate over issues common to the class, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## FIFTEENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

## PRAYER FOR RELIEF

Having responded to the allegations of Plaintiff's Complaint as set forth above, Hangtime denies that Plaintiff is entitled to any relief sought, and requests that the Court (1) order that Plaintiff takes nothing by the Complaint and dismiss the Complaint with prejudice; (2) enter judgment in Hangtime's favor; (3) award Hangtime its costs of suit and attorneys' fees; and (4) award Hangtime any other relief as the Court deems just and proper.

## JURY DEMAND

Hangtime respectfully requests a trial by jury on all jury-triable issues in Plaintiff's Complaint.

Date:  March 31, 2014 Respectfully submitted,

/s/ Brian Wesley Cook
Brian Wesley Cook (BBO# 682410)
*bcook@goodwinprocter.com*
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel.:  (617) 570-1000
Fax.:  (617) 523-1231

Patrick S. Thompson (*pro hac vice pending*)
*pthompson@goodwinprocter.com*
Hong-An Vu (*pro hac vice pending*)
*hvu@goodwinprocter.com*
April Sun (*pro hac vice pending*)
*asun@goodwinprocter.com*
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA  94111
Tel.:  (415) 733-6000
Fax.:  (415) 677-9041

*Attorneys for Defendant*
*HANGTIME, INC.*

**CERTIFICATE OF SERVICE**

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 31, 2014.

       /s/ Brian Wesley Cook
       Brian Wesley Cook