UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DERRICK SIMS, individually and on behalf
of a class of similarly situated individuals,

                Plaintiff,

   v.

HANGTIME, INC.
                Defendant.

Civil Action No. 1:14−CV−10427−RWZ

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff Derrick Sims ("Plaintiff"or "Sims"), by and through his undersigned counsel of record, moves for a voluntary dismissal of this action, without prejudice and without costs, under Fed. R. Civ. P. 41(a)(2).

Plaintiff seeks a voluntary dismissal of this action without prejudice because Plaintiff intends to join with the plaintiff in *Goodman v. Hangtime, Inc.*, Case No. 1:14-cv-01022 (N.D. Ill.) ("*Goodman*") and to be added as a plaintiff and proposed class representative in *Goodman*. This Motion is necessary due to the fact that Defendant, Hangtime, Inc. ("Defendant" or "Hangtime") has refused to agree to a stipulation of dismissal of this action without prejudice, a refusal which, under the circumstances, is unreasonable. The dismissal requested by this Motion will not result in any prejudice (legal or otherwise) to Defendant. Defendant has not expended substantial time or resources on this action and has, in fact, conducted minimal activity in this action thus far. Further, there has been no excessive delay or lack of diligence on the part of Plaintiff in prosecuting this action, and the explanation for the requested dismissal is more than

1

sufficient—as noted above, the requested dismissal is for the purpose of having Plaintiff join with the plaintiff in *Goodman* as an additional plaintiff in that action, effectively consolidating two actions into one and streamlining this litigation.

## FACTUAL AND PROCEDURAL BACKGROUND

This Action is one of four class actions currently pending against Hangtime, asserting the same claims, alleging in substance that Hangtime engaged in a marketing campaign by which it sent pre-programmed promotional text messages to the contacts of users who downloaded the Hangtime Application on their mobile device. These text messages were sent without the receiving party's prior express consent, and such conduct is alleged to be in violation of the Telephone Consumer Protection Act, 47 U.S.C., § 227 ("TCPA"). In addition to this Action, filed on February 26, 2014, and *Goodman*, filed on January 16, 2014 in state court (Cook County, Illinois Circuit Court) and removed to federal court (N.D. Ill.) on February 13, 2014, the other two pending actions against Hangtime are: *Salam v. Hangtime, Inc.*, No. 1:14-cv-01252 (N.D. Ill.), filed on February 19, 2014, and *Kozlow v. Hangtime, Inc.*, No. 4:14-cv-02249 (N.D. Cal.), filed on May 15, 2014.

After the filing of this Action, counsel for Plaintiff and counsel for the plaintiff in *Goodman* conferred to discuss cooperation and coordination of their two actions, and counsel in both actions have agreed that it would be economical and efficient to coordinate their efforts and litigate the respective plaintiffs' claims in a single action, in the Northern District of Illinois. Affidavit of David Pastor ("Pastor Aff."), ¶ 4. I then contacted counsel for Defendant and proposed a stipulation of dismissal of this Action without prejudice, indicating the reasons for such a dismissal, as stated herein, and sent a draft stipulation of dismissal. Defendant's counsel refused to stipulate to a dismissal without prejudice, and stated that they would only agree to one

of two alternatives: either dismissal with prejudice or dismissal without prejudice if Plaintiff would pay Defendant's costs and attorneys' fees. Pastor Aff., ¶¶ 5, 6, Exhibits A, B.

On June 16, 2014, Hangtime filed a Motion to Transfer Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 ("Motion to Transfer") with the Judicial Panel on Multidistrict Litigation ("JPML"). Pastor Aff., ¶ 7, Exh. C. The Motion to Transfer seeks consolidation of this Action, *Goodman, Salam,* and *Kozlow. Id.* On June 17, 2014, plaintiff's counsel in *Goodman* filed a Motion for Leave to Amend Complaint to Add Additional Party-Plaintiff ("Motion to Amend"), with a proposed amended complaint ("Amended Complaint") naming Sims as a plaintiff and Plaintiff's counsel herein as additional plaintiff's counsel in *Goodman*.[1]

This Action is in its very early stages, and Defendant has engaged in very little activity thus far. In fact, Defendant's filings in this action to date consist, in their entirety, of the following: Notice of Appearance by Brian Cook (Dkt. No. 6); Corporate Disclosure Statement (Dkt. No. 7); Stipulation for extension of time to respond to the complaint (Dkt. No. 8); Assented to Motion for Leave to Appear *ProHac Vice* for three Goodwin Procter LLP attorneys (Patrick Thompson, Hong-An Vu and April Sun) (Dkt. No. 12); and Hangtime's Answer (Dkt. No. 13). Defendant did not even file any papers in response to Plaintiff's Motion for Class Certification (Dkt. No. 9), which was filed on March 2, 2014. There has been no scheduling order entered in this Action, nor has a scheduling conference been noticed. Initial disclosures have not been provided, nor have any discovery requests been served.

---

[1] *See* June 17, 2014 letter form Mark S. Eisen to the Hon. Elaine E. Bucklo, enclosing a courtesy copy of the Motion to Amend (copy of letter and enclosures annexed as Exhibit D to Pastor Aff.).

**DISCUSSION**

Because Defendant has filed an answer to the Complaint, and because Defendant will not agree to stipulate to dismissal without prejudice, Plaintiff may voluntarily dismiss this action only by court order, under Fed. R. Civ. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F. 2d 46, 50 (1st Cir. 1981) (internal quotation marks and citation omitted). "Dismissal without prejudice should be permitted under the rule unless the court finds that the defendant will suffer legal prejudice. Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." *Id.* (citations omitted). *See also Transwitch Corporation v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 289 (D. Mass. 2005) ("[t]the principal consideration is whether the dismissal would prejudice the defendant.") (internal quotation marks and citation omitted).

Here, Defendant will suffer no legal or other prejudice if a without prejudice dismissal is granted here. As stated above, Plaintiff's intent is to dismiss this Action and consolidate with the plaintiff in *Goodman* by way of an amended complaint in *Goodman*. Defendant simply cannot be prejudiced by this, because such a consolidation will make the litigation simpler, reducing by one the number of actions that Defendant has to defend. Moreover, the consolidation between this Action and *Goodman* is consistent with the stated purpose and intent of Defendant's Motion to Transfer, by which Defendant is seeking consolidation of all of these Hangtime cases. Not only is Defendant not prejudiced by this dismissal and resulting consolidation, but it should welcome such a development as helping to accomplish Defendant's stated goal of coordinating or consolidating these cases.

In evaluating a motion to dismiss without prejudice under Rule 41(a)(2), courts also consider various factors, including "'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action' and 'insufficient explanation for the need to take a dismissal.'" *Transwitch Corp.*, 377 F.Supp. 2d at 289, *quoting Palmer v. Wells*, 2004 WL 1790180 at *6 (D. Me. Aug. 11, 2004). These factors all favor allowance of Plaintiff's motion here. Given the current status of this litigation, Defendant cannot reasonably claim it incurred *any* "effort and expense of preparation for trial." Indeed, as noted above, the only remotely substantive action taken by Defendant here is the filing of an answer to the complaint. And it cannot be said that there has been any lack of diligence on the part of Plaintiff in prosecuting this Action. Plaintiff filed a class certification motion within a month of filing the complaint. In addition, although no scheduling conference has been noticed, Plaintiff made contact with Defendant's counsel in an effort to conduct a Rule 26(f) conference.[2] Finally, Plaintiff has offered a perfectly logical explanation for seeking a without prejudice dismissal of this action—to consolidate this Action with the *Goodman* Action, which will promote the efficiency of the litigation and will be in the interest of judicial economy.

Defendant's contention that it is entitled to costs and attorneys' fees as a condition to the allowance of a without prejudice dismissal is without merit. First, there is no binding authority supporting imposition of attorneys' fees as a condition of without prejudice dismissal in this instance. And while a district court does have discretion to impose costs, Rule 41(a)(2) does not require the imposition of costs as a condition to voluntary dismissal under this rule. *Puerto Rico Maritime Shipping Auth.*, 668 F. 2d at 51. Here, the very limited litigation activity engaged in by Defendant, the filing of an answer electronically through the ecf system, does not come close to

---

[2] These efforts have thus far been unsuccessful due to the difficulty of finding dates on which Defendant's and Plaintiff's counsel were available. Pastor Aff., ¶ 11.

5

supporting the imposition of costs. And in *Puerto Rico Maritime*, significantly more litigation activity occurred, including "lengthy and costly discovery," and yet the First Circuit held that "the district judge did not abuse his discretion in dismissing this case without imposing any terms or conditions." *Id.* at 50-51. Similarly, no costs should be imposed in this case.

At least one court has noted that the imposition of attorneys' fees for a voluntary dismissal without prejudice runs counter to the traditional "American rule," by which each party bears its own attorneys' fees, in the absence of specific statutory authority, exceptional equitable circumstances, or an independent action for malicious prosecution (none of which exist or would be justified here). *Blackburn v.City of Columbus, Ohio*, 60 F.R.D. 197, 198-199 (S.D. Ohio 1973). The Court in *Blackburn* noted that in the case before it, there was "nothing in the record which suggests that plaintiff's suit . . . was not a *bona fide* effort to seek redress . . . [or that it was] brought to harass, embarrass or abuse either the named defendants or the civil process . . . [or that] the plaintiff deliberately sought to increase the defendants' costs by unduly protracting the litigation." *Id.* at 198. Clearly, none of the above-referenced factors are present here. "In the absence of such showings, the Court cannot see why the traditional American rule on attorneys' fees . . . should not be recognized in the case at bar." *Id.* The same result should obtain here, and no attorneys' fees should be imposed.[3]

## CONCLUSION

For the reasons stated herein, this Action should be dismissed without prejudice and without costs or any other conditions.

---

[3] The logic of the Court in *Blackburn* makes perfect sense. Why should the defendant obtain a result (payment of attorneys' fees) due to a voluntary dismissal that it could not obtain even if it prevailed at trial and obtained a judgment in its favor?

6

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Undersigned counsel certify that they have conferred with counsel for Defendant in a good faith effort to resolve or narrow the issues raised by this Motion, but were unable to do so.

Dated: June 20, 2014

Respectfully submitted,

**PASTOR LAW OFFICE, LLP**

/s/ David Pastor_____
David Pastor (BBO #391000)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: 617-742-9700
Facsimile: 617-742-9201
dpastor@pastorlawoffice.com

**LEONARD LAW OFFICE**

/s/ Preston W. Leonard_____
Preston W. Leonard (BBO#680991)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: 617-329-1295
pleonard@theleonardlawoffice.com

William M. Sweetnam
SWEETNAM LLC
582 Oakwood Avenue, Suite 200
Lake Forest, IL 60045
Telephone: (847) 559-9040
Facsimile: ( 847 ) 235-6618
wms@sweetnamllc.com

*Plaintiff's Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

                                                /s/ David Pastor_____
                                                David Pastor