UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DERRICK SIMS, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>HANGTIME, INC.,<br><br>    Defendant. | Civil Action No. 14-10427-RWZ |

## **DEFENDANT HANGTIME, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Defendant Hangtime, Inc. ("Defendant" or "Hangtime") opposes Plaintiff's motion to dismiss without prejudice (the "Motion"). This case is one of four nearly identical putative nationwide class actions against Hangtime based on the same facts and the same legal issues. Though counsel for Mr. Sims was well aware of other pending actions when they filed suit, Sims chose to file in the District of Massachusetts. Now, Sims seeks to dismiss this action and pursue his claim in the Northern District of Illinois, where two other cases are pending.

Courts often impose conditions on motions to dismiss where it is clear that a plaintiff intends to file suit against the same defendant at another time. Such conditions discourage forum shopping, gamesmanship, and resources wasted because courts and defendants are forced to deal with duplicative pleadings in different dockets. If Sims were to dismiss with prejudice, Hangtime would not raise any opposition. Given Sims has every intention of filing another complaint on the same issue, and Hangtime will be forced to expend resources to respond to that complaint, the motion should only be granted on the condition that Plaintiff reimburse Hangtime for the reasonable attorneys' fees and costs incurred to respond to the complaint in the District of Massachusetts.

## PROCEDURAL BACKGROUND

On February 28, 2014, Sims filed this lawsuit in the District of Massachusetts. Hangtime's responsive pleading was originally due on March 21, 2014. Seeking to minimize costs by coordinating this action with two other cases pending in the Northern District of Illinois, Hangtime sought a 60-day extension of time to respond to the complaint. Cook Decl. at ¶ 2. Counsel for Sims rejected this offer and only offered 10 additional days because Hangtime's answer to the first-filed complaint was due that day. *Id.* at ¶ 3 and Ex. A. Since Hangtime answered Sims' complaint, another case has been filed in the Northern District of California.

On June 16, 2014, Hangtime moved the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate and transfer this action and three related actions (the "Related Actions") to the Northern District of California.[1] Hangtime sought this relief to avoid duplicative discovery, conserve the resources of the courts, and ensure full coordination of these matters, all of which seek the same relief, based on the same legal theory, asserting the same cause of action, on behalf of the same putative nationwide class of consumers. Hangtime seeks transfer to the Northern District of California to mitigate its litigation costs. Hangtime is located in California, has retained California counsel, and counsel for the putative class have offices in California.

In recognition of the pending motion before the JPML, on June 18, 2014, the Honorable Robert M. Dow, Jr., of the Federal District Court for the Northern District of Illinois, entered a stay of discovery in *Salam* based on a stipulation among the parties.

---

[1] The three related actions are: *Goodman v. Hangtime, Inc.*, No. 14-cv-10427 (N.D. Ill.), removed to the District Court February 13, 2014 ("*Goodman*"; *Salam v. Hangtime, Inc., et al.*, No. 14-cv-01252 (N.D. Ill.), filed February 19, 2014 ("*Salam*"); and *Kozlow v. Hangtime, Inc.*, No. 3:14-cv-2249 (N.D.Cal.), filed May 15, 2014.

All four actions involve the same questions of fact and law: (1) whether Hangtime (or a third party on Hangtime's behalf) sent unsolicited text messages to consumers; (2) whether Hangtime used any equipment that constitutes an automatic telephone dialing system ("ATDS") as defined by the Telephone Consumer Protection Act ("TCPA"); and (3) whether any of the plaintiffs, directly or through a third party, such as a Hangtime user, provided Hangtime with his or her prior consent before receiving the text message.

On June 17, 2014, the *Goodman* plaintiff moved to amend his complaint to include Mr. Sims, the named Plaintiff in this action. Three days later, Plaintiff filed this Motion. On July 3, 2014, the *Goodman* plaintiff's motion was granted. Cook Decl. at ¶ 4 and Ex. B.

## DISCUSSION

Dismissal without prejudice should be conditioned on payment of Hangtime's reasonable fees and costs. Plaintiff may voluntarily dismiss this case "only by court order, on terms that the court considers appropriate." Fed. R. Civ. Proc. 41(a)(2). The "ability to impose conditions is intended to cure any prejudice caused the defendant by the plaintiff's voluntary dismissal." *Balch v. Specialized Bicycle Components, Inc.,* 2000 WL 1745161, at *1 (D.N.H. Oct.31, 2000).

Payment of Hangtime's reasonable fees and costs is an appropriate condition on any dismissal without prejudice. As the First Circuit has noted, "the imposition of costs as a condition to voluntary dismissal . . . is usually considered necessary for the protection of the defendant." *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cit. 1981) (citing Moore's Federal Practice); *see also* C. Wright & A. Miller, 9 *Federal Practice and Procedures* § 2366 (3d ed.) ("The court may dismiss without conditions if conditions have not been shown to be necessary, but usually the district judge at least should require that the plaintiff pay the costs of the litigation and that practice has become commonplace[.]"); *see also, e.g.*, *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981) ("attorneys fees and costs are commonly awarded as one such 'term and condition' for a voluntary dismissal, for those costs were undertaken unnecessarily in such a case.").

Plaintiff's actions have rendered this litigation unnecessary, and subject Hangtime to relitigating the same issues in another court. To consolidate and streamline this litigation, Plaintiff could have assented to Hangtime's motion before the JPML. This would have resulted in less effort by all parties. Instead, Plaintiff took steps to coordinate with the *Goodman* plaintiff, presumably to consolidate in a jurisdiction they preferred, which required Plaintiff to file the Motion, the *Goodman* plaintiff to move to amend his Complaint, and Hangtime to respond to both. And, now that the *Goodman* plaintiff's motion to amend has been granted,

Hangtime will have to answer the amended complaint filed by two plaintiffs that Hangtime has already separately answered.

"[A]n award of attorneys' fees is appropriate when an action is dismissed without prejudice, and subject to relitigation, in order to reimburse defendant for expenses incurred in preparing work product that cannot be used in defending the resurrected cause of action." *Read Corp. v. Bibco Equipment Co.*, 145 F.R.D. 288, 290 (D. N.H.1993). Such an award is appropriate regardless of how much effort has been expended. *See, e.g.*, *Triple M Housing Ltd, v. Biomass Combustion Systems, Inc.*, Civ. No. 09-40188-FDS, Order on Plaintiff's Motion for Voluntary Dismissal, Dkt. No. 19 (D. Mass. May 20, 2010) (Saylor, J.) ("Although defendant's additional costs in defending this action are relatively limited, it does not mean they are non-existent. Certainly in the normal course it is unreasonable to expect a party to be forced to defend itself in identical lawsuits in different states, even for a brief period of time.").

Because Plaintiff intends to litigate the claim in another court, Hangtime will be required to respond to a new complaint. As such, this Court should condition dismissal on the payment of Hangtime's fees and costs. Plaintiff has the right to dismiss, but the election of that right should carry conditions.[2] *See Cone v. West Virginia Paper Co.*, 330 U.S. 212, 217 (1947) ("Traditionally, a plaintiff . . . has had an unqualified right, **upon payment of costs**, to take a nonsuit in order to file a new action after further preparation[.]") (emphasis added).

## CONCLUSION

For the foregoing reasons, Hangtime respectfully requests that any dismissal without prejudice be conditioned upon Plaintiff's reimbursement of the reasonable attorneys' fees and costs incurred by Hangtime to respond to the complaint.

---

[2] Plaintiff's reliance on *Blackburn v. City of Columbus*, Ohio, 60 F.R.D. 197, 198-199 (S.D. Ohio 1973), is misplaced. In *Blackburn*, an action was dismissed as against the City of Columbus, but proceeded against other defendants. *Id.* at 197 n.1. Thus, the defendant was not necessarily subject to duplicative litigation. Here, as in *Read*, Hangtime is subject to duplicative litigation. In fact, as in *Triple M*, Hangtime is already defending itself against Sims in parallel litigation.

Date:  July 7, 2014				Respectfully submitted,


						/s/ Brian Wesley Cook
						Brian Wesley Cook (BBO# 682410)
						*bcook@goodwinprocter.com*
						GOODWIN PROCTER LLP
						53 State Street
						Boston, MA 02109
						Tel.:  (617) 570-1000
						Fax.:  (617) 523-1231

						Patrick S. Thompson (*pro hac vice pending*)
						*pthompson@goodwinprocter.com*
						Hong-An Vu (*pro hac vice pending*)
						*hvu@goodwinprocter.com*
						April Sun (*pro hac vice pending*)
						*asun@goodwinprocter.com*
						GOODWIN PROCTER LLP
						Three Embarcadero Center, 24th Floor
						San Francisco, CA  94111
						Tel.:  (415) 733-6000
						Fax.:  (415) 677-9041

						*Attorneys for Defendant*
						*HANGTIME, INC.*

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 7, 2014.

      /s/ Brian Wesley Cook
      Brian Wesley Cook