UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DERRICK SIMS, individually and on behalf of a class of similarly situated individuals,<br><br>                      Plaintiff,<br><br>    v.<br><br>HANGTIME, INC.<br>                      Defendant. | Civil Action No.  1:14−CV−10427−RWZ<br><br><br>**Leave to File Granted on July 24, 2014** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff Derrick Sims ("Plaintiff" or "Sims"), by and through his undersigned counsel of record, hereby submits this Reply in further support of his Motion for Voluntary Dismissal Without Prejudice ("Motion for Dismissal") and to address arguments made in Defendant Hangtime, Inc.'s Opposition to Plaintiff's Motion for Voluntary Dismissal Without Prejudice ("Defendant's Opposition").  Defendant Hangtime, Inc. ("Defendant" or "Hangtime") does not actually object to dismissal; but Hangtime contends that if this action is to be dismissed without prejudice, then such dismissal should be conditioned upon payment by Plaintiff of Defendant's attorneys' fees and costs.  Hangtime's contention is wrong, for several reasons.

First, in its Opposition, Defendant has failed to demonstrate any prejudice that it would suffer as a result of the dismissal of this action without prejudice.  This is significant, since the purpose of imposing conditions such as costs and attorneys' fees in the case of a dismissal without prejudice "is to protect defendants from undue prejudice or inconvenience caused by a plaintiff's premature dismissal." *GAF Corporation v. Transamerica Ins. Co.*, 665 F. 2d 364, 369

1

(D. C. Cir. 1981); *Balch v. Specialized Bicycle Components, Inc.*, 2000 WL 1745161 at *1 (D. N. H. Oct. 31, 2000) (the court's ability to impose conditions such as costs and attorneys' fees "is intended to cure any prejudice caused the defendant by the plaintiff's voluntary dismissal."). Simply put, there will be no prejudice to Defendant resulting from dismissal.

Second, unlike the facts of the cases cited by Defendant in its Opposition, in this case, Plaintiff is attempting to achieve the very same goal as stated by Defendant in its Motion to Transfer Actions to Northern District of California Pursuant to 28 U.S.C. § 1407 ("Motion to Transfer"), consolidation or coordination of the four pending Related Actions[1] against Hangtime. Plaintiff's Motion for Dismissal is part of an effort by plaintiffs in three of the Related Actions (this Action, *Goodman* and *Salam*) to consolidate and coordinate their actions and proceed in a single forum before a single judge—the same goal ostensibly sought by Hangtime in its Motion to Transfer. But when *the plaintiffs* attempt to consolidate their efforts and coordinate the litigation, Hangtime inexplicably seeks to frustrate those efforts by opposing the motions brought by the plaintiffs to achieve the efficiency that Hangtime purportedly seeks. Hangtime has done this by opposing Plaintiff's Motion for Dismissal; opposing a motion by the plaintiff in *Goodman* to amend the complaint and to file an amended complaint adding Sims as a plaintiff in that case;[2] and stating that it will oppose a motion brought in *Goodman* to consolidate *Salam* with *Goodman* and *Sims* before Judge Elaine Bucklo in the Northern District of Illinois. *See* email from Patrick Thompson, counsel for Hangtime, indicating to counsel for *Salam* that Hangtime will oppose the motion to consolidate (annexed hereto as **Exhibit E**). So Hangtime is all for promoting efficiency, except when the plaintiffs attempt to do it by themselves. Hangtime's position is disingenuous and illogical.

---

[1] The four related actions are this Action, *Goodman v. Hangtime, Inc.*, No. 14-cv-1022 (N. D. Ill.); *Salam v. Hangtime, Inc.*, No.14-cv-1252 (N. D. Ill.); and *Kozlow v. Hangtime, Inc.*, No. 14-cv-2249 (N. D. Cal.).
[2] That motion was allowed over Hangtime's objection.

Third, the presence of the Motion to Transfer further demonstrates why costs and attorneys' fees should not be imposed here as a condition of dismissal. If this Action is not dismissed and remains in this Court, and if a month or a few weeks from now, Hangtime's Motion to Transfer results in this Action being transferred to another district (the Northern District of Illinois or the Northern District of California), Hangtime would not be entitled to recover any costs or attorneys' fees due to the pendency of this Action in this Court. So why then should Hangtime recover costs and attorneys' fees for the without prejudice dismissal of this Action, which would result essentially in the transfer of this Action to the Northern District of Illinois---the same result (albeit with a different venue choice) sought by the Motion to Transfer?

Finally, the cases cited by Defendant do not dictate a different result as to attorneys' fees and costs. In *Read Corp. v. Bibco Equip. Co.*, 145 F.R.D. 288 (D. N. H. 1993), the Court granted the motion for dismissal without prejudice and rejected the defendant's request to impose attorneys' fees or costs. In *Triple M Housing Ltd.*, No. 4:09-cv-40188-FDS (D. Mass.), relied upon by Defendant, the plaintiff sought dismissal after having filed two separate cases asserting the same claims against the same defendant on the same day, in two different courts (vastly different from anything that occurred here). In *GAF*, the defendant, in seeking attorneys' fees in connection with a voluntary dismissal, argued that the case brought by the plaintiff was "misbegotten and vexatious" and that the suit was not brought in good faith. *Id*., 665 F. 2d at 367 (internal quotation marks omitted). No such allegation has been or could be made here. In *Cone v. West Virginia Pulp & Paper Company*, 330 U.S. 212 (1947), the only discussion of voluntary dismissal was a hypothetical situation (not present here) in which the plaintiff, if he knew the court was about to direct a verdict against him, and thought that he could cure the

failure of proof in his case if given a second bite at the apple, could voluntarily take a nonsuit and then file a new action after further preparation. *Id*. at 217.

In this case, given the facts and circumstances, particularly the filing of the Motion to Transfer, the Motion for Dismissal should be granted without the imposition of costs, attorneys' fees or any other conditions.

Dated: July 24, 2014	Respectfully submitted,

**PASTOR LAW OFFICE, LLP**


/s/ David Pastor_____
David Pastor (BBO #391000)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: 617-742-9700
Facsimile: 617-742-9201
dpastor@pastorlawoffice.com

**LEONARD LAW OFFICE**


/s/ Preston W. Leonard_____
Preston W. Leonard (BBO#680991)
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Telephone: 617-329-1295
pleonard@theleonardlawoffice.com

William M. Sweetnam
SWEETNAM LLC
582 Oakwood Avenue, Suite 200
Lake Forest, IL 60045
Telephone: (847) 559-9040
Facsimile: ( 847 ) 235-6618
wms@sweetnamllc.com


*Plaintiff's Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 24, 2014.

/s/ David Pastor
David Pastor