UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10427-RWZ

DERRICK SIMS, *individually and on behalf of a class of similarly situated individuals*

v.

HANGTIME, INC.

ORDER

August 26, 2014

ZOBEL, D.J.

Plaintiff Derrick Sims, on behalf of himself and a class of similarly situated individuals, sued defendant Hangtime, Inc., alleging that defendant sent unsolicited promotional text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. His suit is one of four nearly identical class actions pending against defendant.[1] On July 3, 2014, the United States District Court for the Northern District of Illinois granted a motion to amend the complaint to add plaintiff as a named plaintiff in Goodman v. Hangtime, Inc., one of the pending suits. Declaration of Brian Wesley Cook, Docket # 19, at ¶ 4. Plaintiff now moves to voluntarily dismiss the present suit without prejudice. Docket # 16. Defendant resists, urging that dismissal be allowed only if it is (1) with prejudice, or (2) without prejudice but conditioned upon payment of

---

[1] See Goodman v. Hangtime, Inc., No. 14-cv-01022 (N.D. Ill.); Salam v. Hangtime, Inc., No. 14-cv-01252 (N.D. Ill.); Kozlow v. Hangtime, Inc., No. 3:14-cv-2249 (N.D. Cal.).

attorneys' fees. Docket # 18.

Federal Rule of Civil Procedure 41(a)(2) governs this matter. It provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). When evaluating a Rule 41(a)(2) motion, "courts typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). Dismissal without prejudice is generally allowed unless "defendant will suffer legal prejudice." P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981). The district court has discretion to determine whether that prejudice exists. Alamance Indus., Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961).

Here, dismissal with prejudice is proper because of the parties' participation in Goodman. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2366 (3d ed.) ("Under certain circumstances, a court as a 'term and condition' of dismissal, may dismiss an action with prejudice."). Plaintiff has the opportunity to bring the claims arising out of the same set of facts as this suit, and defendant must incur the cost of defending the action. To allow plaintiff another bite at the apple by pressing a new suit after or alongside Goodman would prejudice defendant. See Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico), 723 F.3d 82, 88 (1st Cir. 2013) ("A plaintiff should not be permitted to force a defendant to incur substantial costs in litigating an

2

action, and then simply dismiss his own case and compel the defendant to litigate a wholly new proceeding.").

A district court abuses its discretion when it *sua sponte* converts a motion for dismissal without prejudice to one for dismissal with prejudice and then grants the motion. De Fontanez v. Jefferson Pilot Life Ins. Co., No. 93-2268, 1994 WL 424096, at *1 (1st Cir. Aug. 15, 1994) (per curiam) (unpublished); see Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir. 1994) (collecting cases). Fundamental fairness requires that plaintiff have the opportunity to withdraw his motion and proceed toward trial if he finds the "terms and conditions" of dismissal too onerous. De Fontanez, 1994 WL 424096 at *1 (citing Gravatt v. Columbia Univ., 845 F.2d 54, 55-56 (2d Cir. 1988); Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986)).

Bearing in mind this prerequisite, it is hereby ORDERED that plaintiff shall have until September 9, 2014, to withdraw his motion for voluntary dismissal without prejudice (Docket # 16). In default thereof, the motion will be allowed with prejudice to initiating or participating in any lawsuit based on the same transactions and occurrences as the present suit, save for C.A. No. 14-cv-01022, Goodman v. Hangtime, Inc., currently pending in the United States District Court for the Northern District of Illinois. This action will be dismissed without prejudice only as to the Goodman case. No costs or attorneys' fees will be awarded.

|  |  |
|---|---|
|    August 26, 2014    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |

3

UNITED STATES DISTRICT JUDGE